UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:19-cv-81522-DMM

BERENICE ESTRADA GARCIA and              15th JUDICIAL CIRCUIT
NORMAN DE JESUS ESTRADA GARCIA,          Court Case No.:502019CA012799

       Plaintiffs,

v.

TARGET CORPORATION and LIGIA
JIMENEZ,

       Defendants.
_____/

### PLAINTIFFS' MOTION FOR REMAND
### AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, BERENICE ESTRADA GARCIA ("GARCIA") and NORMAN DE JESUS ESTRADA GARCIA ("NORMAN"), by and through their undersigned counsel, file this Motion for Remand and Incorporated Memorandum of Law, and in support thereof state as follows:

1.    Plaintiffs filed their Original Complaint against Defendant, TARGET CORPORATION ("TARGET") on October 3, 2019 alleging Target was negligent when its store employees allowed a liquid substance to remain on the floor of its premises causing Plaintiff GARCIA to slip and fall.

2.    Plaintiffs filed their Amended Complaint against Defendant, TARGET, on October 23, 2019 and added Defendant LIGIA JIMENEZ ("JIMENEZ") as an additional defendant. Defendant JIMENEZ was the store leader/manager on duty at the time of the incident, with personal knowledge of the incident, and responsible for the maintenance of the store on the day of the incident. Defendant JIMENEZ has not been served with process at the time of filing this Motion.

3.      Defendant TARGET filed an Answer and Affirmative Defenses to Plaintiffs' Amended Complaint on November 7, 2019. Shortly after, TARGET filed its Notice of Removal based on diversity of citizenship as Plaintiffs are residents of Florida and TARGET is a citizen of Minnesota.

4.      Defendant JIMENEZ is a resident of Florida, and this Court lacks jurisdiction because Defendant JIMENEZ is a non-diverse Defendant.

5.      It is the role of the store management on duty to ensure the safety of visitors at Defendant TARGET's premises and to timely clear of any hazards. The store manager, Defendant JIMENEZ, failed to clean the subject substance or warn the Plaintiff GARCIA of the substance on the floor and is directly liable to Plaintiff.

6.      Defendant JIMENEZ's affidavit attached as Exhibit 9 to Defendant TARGET's Notice of Removal with Incorporated Memorandum of Law [D.E. 1] acknowledges she had a duty to Plaintiff because she, along with all other TARGET employees, are responsible "to make sure the floors are clean and free from liquid, debris or other substances. If anything is on the floor, Target employees including myself are trained to pick it up and not pass it by." [D.E. 1. Ex. 9. ¶ 16]

7.      This Motion should be granted, and this case remanded back to state court because TARGET has failed to establish fraudulent joinder.

8.      Accordingly, Plaintiffs move this Court to remand this case to State court and seek reasonable attorneys' fees.

## MEMORANDUM OF LAW

### I.  STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). A civil action may be removed from state court to federal district court if the action is within the "original jurisdiction" of the federal court. 28 U.S.C § 1441(a). Original jurisdiction exists when a civil action raises a federal question, or where the action is between citizens of different states and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. TARGET removed this action based upon diversity jurisdiction and therefore has the burden of proving by a preponderance of the evidence that federal jurisdiction exists. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (citation omitted).

Pursuant to 28 U.S.C. § 1147, after a case has been removed, it may be remanded for any defect in the removal procedure. See 28 U.S.C § 1447(c); *Engle, M.D. v. R.J. Reynolds Tobacco Co.,* 122 F. Supp.2d 1355 (S.D. Fla. 2000). Indeed, the removal statutes are strictly construed, and any doubts or ambiguities are to be resolved in favor of remand. *See Whitt v. Sherman Int'l Corp.,* 147 F.3d 1325, 1329 (11th Cir. 1998) The burden is on the removing party to demonstrate that removal was proper.

Additionally, where a plaintiff has objected to defendants' petition for removal, "the burden of proof is on the Defendants, as the removing parties, to show this action was properly removed." *Woods v. Firestone Tire & Rubber Co.,* 560 F. Supp. 588, 590 (S.D. Fla. 1983) (citations omitted). Moreover, when removing defendants plead fraudulent joinder, they have the burden of supporting their claim with clear and convincing evidence. *Id.* (citations omitted). "[W]here there is any substantial doubt concerning jurisdiction of the federal court on removal,

the case should be remanded, and jurisdiction should be retained only where it is clear." *Id.* (citations omitted).

Further, where a plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement. *Pretka*, 608 F.3d 744 at 752; *see also* 28 U.S.C. § 1332(a). "To determine whether this standard is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Miedema v. Maytag Corp.,* 450 F.3d 1322, 1330 (11th Cir. 2006) (citation omitted). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (citation omitted) "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *See Pretka,* 608 F.3d at 754 (citations omitted). The use of unreasonable inferences and deductions is permissible to show the amount that is in controversy. See *id.* "However, courts must be mindful that removal statutes are construed narrowly and that uncertainties are resolved in favor of remand." *Chiu v. Terminix Co. Int'l, L.P.*, 2016 U.S. Dist. LEXIS 49729, 2016 WL 1445089, at *1 (M.D. Fla. Apr. 13, 2016) (citing *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

## II.    ARGUMENT AND ANAYLSIS

**TARGET failed to prove fraudulent joinder of Defendant JIMENEZ**

Defendant TARGET failed to establish that Defendant JIMENEZ was fraudulently joined in this action, and as such, this case should be remanded back to State court because she is a non-diverse defendant. To establish fraudulent joinder, the removing party has the burden of proving by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a

cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. This burden is a heavy one. *Hunt v. Target Corp.*, No 14-80266CIV, 2014 U.S. Dist. LEXIS 54179 at *3-4 (S.D. Fla. Apr. 18, 2014) (citations omitted). Determinations of joinder must be based on plaintiff's pleadings, supplemented by any affidavits and deposition transcripts submitted by the parties, at the time of removal. Additionally, "the claims against those defendants who are alleged to be fraudulently joined must be obviously frivolous, and the mere possibility of stating a valid cause of action makes joinder legitimate." *Herrera v. Wal-Mart Stores, Inc.*, No. 16-cv-61553-BLOOM/Valle, 2016 U.S. Dist. LEXIS 111528, at *5 (S.D. Fla. Aug. 19, 2016) (citations omitted). Overall, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joined to be legitimate." *Id.* (citations omitted).

Furthermore, in determining whether a plaintiff can establish a cause of action, the court need not reach the merits of the plaintiff's claim; the court need only determine whether the plaintiff has an "arguable" claim under state law. *Crowe v. Coleman,* 113 F. 3d 1536, 1538 (11th Cir. 1997) (reversing a denial of a motion to remand where the verified complaint and accompanying affidavits set forth an arguable cause of action) (citation omitted). "If there is even a possibility that a state court would find that the complaint states a cause of action against [the non-consenting defendant], the federal court must find that joinder was proper and remand the case to state court." *Id.*

Florida recognizes a cause of action against employees of a company individually, *Herrera*, 2016 U.S. Dist. LEXIS 111528 at *7. "The law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if

their acts are within the course and scope of their employment." *Id. citing White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 5th DCA 2005).

In *Herrera,* applying the above-referenced law, this Court granted a Motion for Remand and found that an assistant management of a Wal-Mart was not fraudulently joined. In that case it was shown that the assistant manager was on duty and responded to the plaintiff's fall. *Id.* Like the assistant manager in *Herrera*, Defendant JIMENEZ was the team leader/manager on duty and responded to Plaintiff's fall. She also completed the incident report following Plaintiff's fall, and as a part of her leadership/management employment position with TARGET, she was responsible for monitoring the floors and ensuring that there were no substances that could create a slip hazard. Defendant JIMENEZ affirmed that she was the team leader/manager on duty at the time of the Plaintiff's fall, and that all employees, including JIMENEZ, have a duty to ensure the floors are kept free of liquid, debris, or other substances in her Affidavit filed with this Court on November 7, 2019. As such, she is personally liable to Plaintiff and was not fraudulently joined. Therefore, this Motion for Remand should be granted.

### III.   PLAINTIFFS ARE ENTITILED TO ATTORNEYS' FEES FOR HAVING TO FILE THIS MOTION FOR REMAND

Pursuant to 28 U.S.C. 1447(c), when remanding a case originally filed in state court, but removed to federal court by a party to the action, a district court is authorized to award attorneys' fees to the party resisting the removal. The pertinent portion of section 1447(c) provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiffs are entitled to attorneys' fees for having to file this Motion to get the case remanded back to the appropriate Court. Plaintiffs request attorneys' fees for which it is entitled under 1447(c).

## **CONCLUSION**

Plaintiffs' Motion for Remand should be granted as TARGET failed to establish that Defendant JIMENEZ was fraudulently joined. Plaintiff should be awarded attorneys' fees for this Motion.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant Plaintiffs' Motion for Remand and remand this action to State court, award Plaintiffs' attorneys' fees and costs pursuant to 28 U.S.C. 1447(c), and such other relief as this Court deems appropriate.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

The undersigned hereby certifies that counsel for the movant has conferred with all parties affected by the relief sought in the Motion in a good faith effort to resolve the issues raised in the Motion.

Dated this 19th day of November, 2019.

LAW OFFICE OF MAAZ QURAISHI, P.A.

*/s/Ashley Renee Eagle*
Ashley Renee Eagle, Esq.
Florida Bar No. 0111463
aeagle@RightToJustice.com
1401 Forum Way, Suite 101
West Palm Beach, Florida 33411
Phone: 561-242-4800
*Attorney for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic mail created by this Court's CM/ECF portal on November 19, 2019 to:

**Jon Dale Derrevere**
Derrevere, Stevens, Black & Cozad
2005 Vista Parkway
Suite 210
West Palm Beach, FL 33411
Phone: 561-684-3222
Fax: 561-640-3050
Email: jdd@derreverelaw.com

/s/*Ashley Eagle*